IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERVIN LAMONTE HOLLOMAN,  )  <br>    Plaintiff,                       )  <br>                                         )  <br> v.                                         )  <br>                                         )  <br> VIRGINIA DEPARTMENT OF    )  <br> CORRECTIONS, et al.,           )  <br>    Defendants.               )  | Case No. 7:23-cv-00256  <br><br> By: Michael F. Urbanski  <br> Chief United States District Judge |

**MEMORANDUM OPINION**

     Ervin Lamonte Holloman, a state prisoner proceeding pro se and without prepayment of the filing fee, brought this action under 42 U.S.C. § 1983 against the Virginia Department of Corrections ("VDOC") and the Commonwealth of Virginia. By memorandum opinion and order entered June 23, 2023, the court dismissed Holloman's complaint without prejudice for failure to state a claim against the named defendants. ECF Nos. 8 and 9. The order permitted Holloman to file a motion to reopen the action, along with an amended complaint, within thirty days of the entry of the order, if he believed that he could remedy the deficiencies noted by the court. ECF No. 9.

     On July 5, 2023, Holloman submitted an amended complaint that was docketed as a motion to amend. ECF No. 10. The court will grant the motion insofar as it will review the amended complaint to determine whether it should be permitted to proceed without prepayment of the filing fee. For the reasons set forth below, the court will dismiss the amended complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

## I. Background

Holloman is incarcerated at Keen Mountain Correctional Center. He previously filed at least three actions that were dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. See Holloman v. Va. Dep't of Corr., No. 7:22-cv-00478 (W.D. Va. Dec. 5, 2022); Holloman v. Va. Dept of Corr., No. 7:22-cv-00674 (W.D. Va. Feb. 17, 2023); Holloman v. Va. Dep't of Corr., No. 7:23-cv-00117 (W.D. Va. Apr. 11, 2023).

The original complaint in this action was filed on May 8, 2023. See ECF No. 1. Although the original complaint included a signature page indicating that it was signed before a notary public on December 7, 2022, the pleading complained of conduct that occurred in late April and early May 2023, after the aforementioned cases were dismissed. See id. at 15 (alleging that Holloman was told on April 28, 2023, that he was not eligible for an Interstate Corrections Compact ("ICC") transfer to the requested state); id. at 16 (alleging that an officer served Holloman with a disciplinary charge on April 28, 2023, and that Holloman sought to have the charge dismissed on May 1, 2023, on the basis that it would be a "disruption" to his ICC transfer request"). The court dismissed the original complaint without prejudice on June 23, 2023. ECF No. 9.

Holloman's proposed amended complaint names more than sixty correctional officials as defendants, and he alleges that the events giving rise to the action occurred from March 2016 to June 2023 at five different VDOC facilities: Sussex I State Prison, Sussex II State Prison, River North Correctional Center, Keen Mountain Correctional Center, Red Onion State Prison, and Wallens Ridge State Prison. ECF No. 10 at 1–5. In his statement of claims, Holloman lists the following:

> Claim # 1 . . . :
>
> Duration of repetitive breaches of substantive due process and duty to act of operation of law procedural law of falsification substantial damages institutional hazards reckless endangerment conspiracy.
>
> Claim #2 . . . :
>
> Continuing breach of family disturbance criminal negligence and concealment of crime as well as infringement of court of original jurisdiction . . . .

Id. at 5. He then alleges that the "defendants are in violation of Claim #1 and Claim #2 that breach all Amendments 1, 4, 5, 8, 9, [and] 14." Id. at 6.

The statement of claims is followed by ten pages of "additional supporting facts," many of which are difficult to follow. Id. at 6–15. He begins by discussing events that purportedly occurred in 2016, while he was incarcerated at Sussex II. He alleges that he was subjected to "verbal . . . duress threats indirectly by VDOC staff" and that he was falsely charged with disciplinary offenses. Id. at 7–8. He claims that the false disciplinary charges were "constructed in order to transfer [him] to Sussex I" and that he was transferred to Sussex I in the fall of 2016. Id. at 8.

Holloman then alleges that his son was found murdered outside a church in November 2017 after "the task force shakedown placed a picture of [his] son on [his] pillow for intimidation." Id. at 9. He asserts that he was not permitted to attend his son's funeral and that the VDOC breached his right to privacy by broadcasting the funeral on Facebook Live without his consent. Id.

At some point thereafter, Holloman was transferred to River North. Id. at 10. He alleges that the VDOC's "concealment of crime conspiracy" continued at that facility. Id. He

claims that he received a false disciplinary charge at River North in April 2020 in an effort to prevent him from being able to participate in a drug and alcohol recovery program. Id. at 11.

In September 2020, Holloman received a "lateral transfer" to Keen Mountain. Id. He alleges that a "pattern of abduction" began at that facility and that he "never had [an] annual review done again." Id. He claims that he received another false disciplinary charge in February 2021 as part of an effort to increase his security level. Id. at 12. Holloman asserts that he sent correspondence to the Director of the VDOC and other VDOC officials in May, June, August, and September 2021 regarding violations of "Amendments 1, 4, 5, 8, 9, [and] 14." Id. at 12–13.

Holloman next alleges that the Chief of Housing and Programs ("CHAP") had him transferred to Red Onion in December 2021 without doing any form of annual review. Id. at 13. He refers to the transfer as an act of "kidnap[ping]" and "first degree attempt[ed] murder." Id. He asserts that violations of the "1, 4, 5, 8, 9, [and] 14 Amendments" continued to occur at Red Onion and that he received a false disciplinary charge after being placed in a cell there. Id. at 14.

Holloman was transferred from Red Onion to Wallens Ridge before returning to Keen Mountain. Id. He alleges that "Keen Mountain documentation" falsely characterized him as being a threat to the orderly operation of the facility. Id. at 15. Holloman requested to be transferred to another state's correctional system pursuant to the ICC. Id. He alleges that the ICC Coordinator and other prison officials violated his right to due process by denying or interfering with the request. Id.

On the final page of the complaint, Holloman indicates that he is pursuing an "equitable action." Id. at 16. He seeks a court order requiring that he receive an ICC transfer to Hawaii or Oklahoma. Id.

## II.  Discussion

"[T]he Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." Lomax v. Ortis-Marquez, 140 S. Ct. 1721, 1723 (2020). The rule provides that a prisoner like Holloman, who has had three or more civil actions dismissed as frivolous, malicious, or for failure to state a claim, may not bring another civil action without prepayment of the filing fee unless he shows that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "The plain reading of the statute requires that the 'imminent danger' exist contemporaneously when the action is filed." Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022). Thus, to trigger the exception to the three-strikes rule, an inmate must "allege[] sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Id. Although "past danger or past threats of danger may be considered in evaluating whether the danger is imminent at the time of filing[,] . . . past allegations of danger or threats of harm on their own are insufficient to satisfy the exception." Id. (emphasis in original). This is because "the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Holloman's pleadings do not contain any allegations that would support a finding that he is in imminent danger of serious physical injury. Although his amended complaint uses the

5

terms "abduction," "kidnapping," and "attempted murder" when referring to various transfers within the VDOC, such vague and conclusory allegations are insufficient to satisfy the imminent-danger exception. See Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) ("Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'") (quoting Martin, 319 F.3d at 1050). Holloman does not allege that he suffered any actual physical injury at any of the facilities at which he was previously incarcerated, much less that he faces an imminent risk of serious physical injury at his current place of confinement. While he clearly wants to be transferred to another state pursuant to the ICC, his allegations are insufficient to satisfy the imminent-danger exception to the three-strikes rule.

### III.   Conclusion

For the foregoing reasons, the court will grant Holloman's motion to amend, ECF No. 10, for purposes of reviewing the amended complaint to determine whether it should be permitted to proceed without prepayment of the filing fee. Because Holloman has not demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss the amended complaint without prejudice under 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: December 20, 2023

Michael F. Urbanski
Chief U.S. District Judge
2023.12.20 17:34:31
-05'00'

Michael F. Urbanski
Chief United States District Judge